# EXHIBIT 1

STATE OF NEW MEXICO
**OFFICE OF SUPERINTENDENT OF INSURANCE**
Mailing Address: P.O. Box 1689, Santa Fe, NM 87504-1689
Physical Address: 1120 Paseo de Peralta, Room 428, Santa Fe, NM 87501
Main Phone: (505) 827-4601; Main Fax (505) 827-4734; Toll Free: 1-855-4-ASK-OSI
www.osi.state.nm.us

**SUPERINTENDENT OF**
**INSURANCE**
John G. Franchini – (505) 827-4299

**Service of Process**
Room 434
(505) 827-1291

**ACTING DEPUTY**
**SUPERINTENDENT**
Alan Seeley – (505) 827-4307

January 11, 2016



RECEIVED
1, 14, 16
Maxum Specialty Insurance Group

Maxum Specialty Group & Maxum Indemnity Company
3655 North Point Pkwy #500
Alpharetta, GA 30005

Re: Aztec Abstract & Casualty Insurance Inc. Vs Maxum Specialty Group & Maxum Indemnity Company
D101CV2015-02640

Dear Mr. President:

In accordance with the provisions of NMSA 1978, Sections 59A-5-31 & 59A-32, enclosed is a copy of a Summons and Complaint, to Maxum Specialty Group & Maxum Indemnity Company, in the State of New Mexico on the above styled cause. Service has been accepted on your behalf as of January 11, 2016.

Respectfully,

John D. Franchini

John G. Franchini, Superintendent

Enclosure

CERTIFIED MAIL 7012 3460 0000 1399 9882

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

No. D-101-CV-2015-02640

AZTEC ABSTRACT & TITLE INSURANCE, INC.,
a New Mexico corporation,

        Plaintiff,

vs.

COMMONWEALTH LAND TITLE INSURANCE CO.,
a Pennsylvania corporation, MAXUM SPECIALTY GROUP & MAXUM INDEMNITY
COMPANY and LYDICK ENGINEERS & SURVEYORS, a New Mexico
corporation,

        Defendants.

## ACCEPTANCE OF SERVICE

COMES NOW the Office of Superintendent of Insurance, and hereby accepts service, on

behalf of Maxum Specialty Group & Maxum Indemnity Company, of the Complaint and the

Summons addressed to Maxum Specialty Group & Maxum Indemnity Company, c/o Office of

Superintendent of Insurance, PO Box 1689, Santa Fe, NM 87504-1689, in the above-styled cause

of action.

RECEIVED

JAN 1 1 2015

Office of Superintendent
of Insurance

        Office of Superintendent of Insurance
        PO Box 1689
        Santa Fe, NM 87504-1689
        Registered Agent for Maxum Specialty
        Group & Maxum Indemnity Company

FILED IN MY OFFICE
DISTRICT COURT CLERK
12/16/2015 11:49:45 AM
STEPHEN T. PACHECO
Jill Nohl

## SUMMONS

District Court: First Judicial
Santa Fe County, New Mexico

Case Number:  D-101-CV-2015-02640

Court Address:
225 Montezuma Ave, Santa Fe, NM 87501
Court Telephone No.: (505) 455-8250

Judge: Hon. Raymond Z. Ortiz

Plaintiff(s):     AZTEC ABSTRACT & TITLE INSURANCE, INC., a New Mexico corporation,
v.

Defendant(s):    COMMONWEALTH LAND TITLE INSURANCE CO., a Pennsylvania corporation, MAXUM
SPECIALTY GROUP & MAXUM INDEMNITY COMPANY and LYDICK ENGINEERS &
SURVEYORS, a New Mexico corporation,

Defendant:    Maxum Specialty Group & Maxum Indemnity Company
c/o Office of Superintendent of Insurance
PO Box 1689
Santa Fe, NM 87504-1689

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that:

1.  A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this
    Summons.
2.  You must respond to this lawsuit in writing.  You must file your written response with the Court no later
    than thirty (30) days from the date you are served with this Summons.  (The date you are considered
    served with the Summons is determined by Rule 1-004 NMRA)  The Court's address is listed above.
3.  You must file (in person or by mail) your written response with the Court.  When you file your
    response, you must give or mail a copy to the person who signed the lawsuit.
4.  If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5.  You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in
    writing and pay a jury fee.
6.  If you need an interpreter, you must ask for one in writing.
7.  You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a
    lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated: at Santa Fe, New Mexico, this 16 day of December, 2015

STEPHEN T. PACHECO
CLERK OF THE COURT

Deputy

Name:       /s/ Julie J. Vargas
            Julie J. Vargas
Address:    Hunt & Davis, P.C.
            2632 Mesilla NE
            Albuquerque, NM 87110
Telephone No.: (505) 881-3191
Fax No.:       (505) 884-4255
Email Address: julie@huntdavislaw.com

1

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**

STATE OF _____ )
                         )ss
COUNTY OF _____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____County on the _____ day of _____, 2015, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ] to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ] to _____, an agent authorized to receive service of process for defendant

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ] to _____ (name of person), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

2

_____
Signature of person making service

_____
Title (if any)

Subscribed and sworn to before me this _____ day of _____, 2015.

Judge, notary or other officer
authorized to administer oaths

_____
Official title

My commission expires: _____

FILED IN MY OFFICE
DISTRICT COURT CLERK
12/14/2015 12:06:14 PM
STEPHEN T. PACHECO
Jorge Montes

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

No. D-101-CV-2015-02640

AZTEC ABSTRACT & TITLE INSURANCE, INC.,
a New Mexico corporation,

                    Plaintiff,

vs.

COMMONWEALTH LAND TITLE INSURANCE CO.,
a Pennsylvania corporation, MAXUM SPECIALTY GROUP & MAXUM INDEMNITY
COMPANY and LYDICK ENGINEERS & SURVEYORS, a New Mexico
corporation,

                    Defendants.

## COMPLAINT

**COMES NOW** the Plaintiff, Aztec Abstract & Title Insurance, Inc. ("Aztec"), by and

through it counsel of record, Hunt & Davis, P.C. (by Julie J, Vargas) and for its complaint, states

as follows:

### JURISDICTIONAL ALLEGATIONS

1.     Aztec is a New Mexico corporation with its principal place of business in

Roosevelt County, New Mexico.

2.     Defendant Commonwealth Land Title Insurance Co. ("Commonwealth") is a

Pennsylvania corporation doing business within the State of New Mexico.

3.     Defendant Maxum Specialty Insurance Group ("Maxum") is a non-resident

corporation doing business in New Mexico.

4.     Defendant Maxum Indemnity Group is a non-resident corporation doing business

in New Mexico.

5.      Lydick Engineers & Surveyors ("Lydick") is a New Mexico Corporation with its principal place of business in Clovis, New Mexico.

6.      This Court has jurisdiction over the parties and the subject matter of this action; and, venue is proper with this Court.

## GENERAL ALLEGATIONS

7.      Plaintiff is in the business of providing title and escrow services for real estate closings in Roosevelt County, New Mexico.

8.      On or about March 29, 1999, Plaintiff Aztec and Defendant Commonwealth entered into a New Mexico Agency Agreement ("Agency Agreement"), authorizing Aztec to countersign and deliver Commonwealth title insurance policies to individuals buying and selling real estate in Roosevelt County, New Mexico.  A true and correct copy of the Agency Agreement is attached hereto as **Exhibit A**.

9.      On or about December 4, 2008, Sweetwater Farms, L.L.C. ("Sweetwater") executed and delivered a mortgage in favor of Zions First National Bank in the principal sum of $300,000.00 ("Zions Mortgage").  The Zions Mortgage was filed for record on December 10, 2008, records of Roosevelt County, New Mexico.

10.     The Zions Mortgage was subsequently assigned to US Bank, NA.

11.     On information and belief, the Zions Mortgage was intended to be a lien on 155 acres of farm land in Roosevelt County, New Mexico.

12.     The Zions Mortgage contained a legal description of 160 acres of real property described as the NE ¼ of Section 26, Township 1 North, Range 26 East in Roosevelt County, less and excepting a tract of land measuring 467' by 467'.

13.     The description for the property that was excluded from Zions' Mortgage came from a survey performed by Lydick Engineers & Surveyors dated November 10, 1998 and filed for record on November 10, 1998 in Book 1, Page 165, records of Roosevelt County, New Mexico. ("1998 Survey").

14.     On information and belief, the Zions Mortgage was intended to encumber 155 acres of farm land owned by Sweetwater Farms, but exclude the 5 acres on which Sweetwater Farms' processing plant was located.

15.     Aztec served as the closing agent for the Zion Mortgage and issued a lenders policy of title insurance to Zion First National Bank at the time of closing.

16.     On or about October 29, 2009, Sweetwater Farms executed and delivered a Mortgage and Security Agreement in favor of Excel National Bank in the original principal amount of $250,000.00 ("Excel Mortgage"). The Excel Mortgage was filed for record on November 2, 2009 in the Office of the County Clerk of Roosevelt County, New Mexico.

17.     Upon information and belief, Sweetwater Farms intended to provide a first position mortgage to Excel National Bank on the 5 acres on which the Sweetwater Farms processing plant was located.

18.     Aztec served as the closing agent for the Excel Mortgage and issued a lenders policy of title insurance to Excel Mortgage at the time of closing.

19.     Prior to closing, Excel Mortgage required a new survey of the property that was to secure the Excel loan.

20.     On or about October 9, 2009, Aztec, acting upon the instructions of Excel National Bank, contacted Lydick to order a survey of the property that was to be the subject of the Excel Mortgage.

21.     At the time it ordered the survey, Aztec advised Lydick that Greg Dyer of Sweetwater Farms, would meet Lydick at the property to explain the property that was to be the subject of the survey and mortgage.

22.     On information and belief, Lydick met Greg Dyer at the property and Dyer advised of the boundaries to the Property that was to be the subject of the mortgage.

23.     Aztec understood that the property that was to be mortgaged to Excel was located completely within the five acres excepted and excluded from the Zions mortgage.

24.     On or about October 19, 2009  Lydick prepared and issued a new survey ("2009 Survey") of a 4-acre tract located within the NW ¼ of the NE ¼ of Section 26, T1N, R31E, NMPM, Roosevelt County, New Mexico that was used as the basis for the legal description set out in the Excel Mortgage.

25.     The 2009 Survey notes that the documents used in performing that survey were the 1998 Survey of the 5-acre tract that had previously been performed by Lydick and a May 15, 1992 warranty deed from Sundale Valley Peanut Growers, Inc. to Delo Stephenson and Ruby Stephenson describing a tract of land 467' x 467' square.

26.     The 2009 Survey does not show any of the boundaries of the 1998 Survey.

27.     On information and belief, Sweetwater Farms defaulted on the Zion Mortgage and the Excel Mortgage and both were foreclosed in a consolidated proceeding.

28.     During the course of the foreclosure, an overlap of ±1.965 acres was discovered between the property securing the Zions mortgage and the property securing the Excel mortgage.

29.     Following a trial on the merits, the Court held that the Zions mortgage had priority over the Excel mortgage and Zions was entitled to the foreclosure of its mortgage on the disputed  ±1.965 acres.

30.     On information and belief, following the trial on the merits of the foreclosure action, Defendant Commonwealth paid a claim on the title policy issued to Excel in the policy limits amount of $275,000.00.

31.     On information and belief, Defendant Commonwealth also expended the sum of $34,788.03 in costs and fees related to the foreclosure of the Excel Mortgage.

32.     Defendant Commonwealth has made demand on Plaintiff Aztec for the reimbursement of the monies paid on the Excel claim and expended in the Excel foreclosure proceedings.

## COUNT I

## DECLARATORY JUDGMENT

33.     Plaintiff re-alleges and incorporates herein, the allegations set out in paragraphs 1 through 32, as though fully set forth herein.

34.     Plaintiff's claim is brought pursuant to the Declaratory Judgment Act, NMSA §§44-6-1, et seq.

35.     Pursuant to the terms of the Agency Agreement between Plaintiff Aztec and Defendant Commonwealth, Aztec's liability to Commonwealth "for any loss which Commonwealth may sustain or incur under any policy issued pursuant to this agreement" is limited to Aztec's: 1) gross negligence; 2) disregard of written instructions; 3) fraud, deceit, theft, or other similar intentional act; and, 4) matters covered by a New Mexico closing protection letter.

36.     Aztec did not act with gross negligence when it closed the Excel Mortgage loan.

37.     Aztec did not disregard written instructions when it closed the Excel Mortgage loan.

38.     Aztec did not act fraudulently or deceptively and did not commit theft or any other similar intentional act.

39.     Aztec did not do or fail to do any act causing Commonwealth to be liable under a New Mexico closing protection letter.

40.     Aztec did not breach its obligations to Commonwealth under the Agency Agreement.

41.     Aztec is entitled to a declaration of this Court that it is not liable to Commonwealth for any losses sustained to claims paid for matters related to the closing of the Excel Mortgage or the lenders policy issued thereunder.

## COUNT II

### INDEMNIFICATION

42.     Plaintiff realleges and incorporates herein, the allegations set out in paragraphs 1 through 41, as though fully set forth herein.

43.     Defendant Lydick failed to disclose the overlap between the property described in the Zions Mortgage and the Excel Mortgage when it performed its 2009 Survey.

44.     Defendant Lydick failed to disclose the boundary of its 1998 Survey in the 2009 Survey it performed for the Excel Mortgage.

45.     Defendant Lydick's actions fell below the standard of care of a reasonable surveyor performing surveying duties.

46.     Any negligence on the part of Aztec, which negligence is specifically denied, was passive or secondary to the negligence of Lydick.

47.     In the event Aztec is held liable for any negligence on its part related to the closing of the Excel Mortgage, Aztec is entitled to indemnification from Lydick for any damages attributed to Aztec.

## COUNT III

## BREACH OF CONTRACT

48.     Plaintiff re-alleges and incorporates herein, the allegations set out in paragraphs 1 through 47, as though fully set forth herein.

Plaintiff purchased insurance coverage through Maxum, policy # PFP601965503 with an applicable policy period of 7/1/2014 to 7/1/2015 (the "Policy") to cover the type of claims asserted by Commonwealth in the latter part of 2014.

Plaintiff has made demand on Maxum for defense and indemnity of the claims asserted by Commonwealth and Maxum has denied Plaintiff's request for defense and indemnity under the terms of the Policy.

49.     When Plaintiff's purchased the insurance Policy from Maxum, it relied upon, an placed its trust in Maxum and its employees to act in good faith and in a reasonable manner in the event Plaintiff's ever filed a claim for coverage and benefits.  The claim filed by Plaintiff was exactly the type of loss Plaintiff was assured would be covered under the subject policy.

50.     Maxum , and its employees and a gents, were in a fiduciary relationship with Plaintiff and were under a duty to use the skill, care and knowledge of other claims representatives and underwriters, practicing as insurance claims representatives and underwriters, in evaluating an investigating claims made by its Insureds in a prompt and thorough manner.

51.     The Policy requires Maxum to honor their obligations under the subject Policy.

52.     Maxum, either intentionally, or in the alternative, negligently breached the insurance policy contractual provisions by failing to honor Plaintiff's request for coverage under the Policy. As a direct result, Plaintiff's suffered damages and will suffer damages in the future in a total amount not presently determinable, but to be proven at the trial.

## COUNT IIV

## BAD INSURANCE FAITH CLAIM

53.     Plaintiff realleges and incorporates herein, the allegations set out in paragraphs 1 through 52, as though fully set forth herein.

55.     Implicit in the contract of insurance between Plaintiff and Maxum, was the covenant that Maxum would, at all times, act in good faith and deal honestly and fairly with the Plaintiff. At all times since filing the claim, Plaintiff acted honestly and good faith in all its dealings with Maxum.

56.     Maxum breached the implied covenant of good faith and fair dealing in one or more of the following ways, including but not limited to:

     a.     Failing and refusing to acknowledge that the Policy referenced above applies in this matter.

     b.     Failing and refusing to promptly and fairly investigate, process, determine, and decide Plaintiff's claims under the Policy referenced above.

     c.     Denying and delaying the coverage to Plaintiff's under the Policy referenced above; and

57.     As a direct and proximate result of Maxum's acts and omissions alleged herein, Plaintiff has suffered damages in an amount to be proven at trial.

58.     Maxum's acts and omissions alleged herein in break of implied covenant of good faith and fair dealing were done intentionally, willfully, wantonly, grossly, maliciously and/or with reckless disregard for the rights of the Plaintiff. Accordingly, Plaintiff is entitled to recover punitive damages in an amount to be determined by a jury and sufficient to punish Maxum for its misconduct and to deter others from similar conduct in the future.

COUNT V

**VIOLATION OF THE NEW MEXICO UNFAIR CLAIMS PRACTICES ACT**

59.     Plaintiff re-alleges and incorporates herein, the allegations set out in paragraphs 1 through 58, as though fully set forth herein.

60.     At all times material hereto, Maxum engaged in the business of insurance in the State of New Mexico as defined by the New Mexico Insurance Code (NMSA§ 59A-1-4, *et seq.*) and associated statutes, including in particular the New Mexico Unfair Claims Practices Act (NMSA § 59A-16-1, *et seq.*).

61.     Plaintiff is a member of the class of the general public for whose benefit the aforementioned statutes were enacted.

62.     Maxum, in committing the acts and omissions alleged herein, violated the statutory duties imposed on it by the New Mexico Unfair Claims Practices Act (NMSA § 59A-16-1, *et seq.*), including but not limited to NMSA § 59A-16-20.

63.     Plaintiff has a right to maintain this action against Maxum, pursuant to NMSA § 59A-16-30, *et seq.*, which permits a private right of action by the Plaintiff.

64.     Maxum violated the New Mexico Unfair Claims Practices Act in all, but not necessarily limited to, the following ways:

a.      Failing   to   acknowledge   and   act   reasonably   promptly   upon communications with respect to claims from insureds arising under policies;

b.      Failing to adopt and implement reasonable standards for the prompt investigation and processing of Insureds' claims arising under policies;

c.      Failing to attempt in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear;

d.      Failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; and

e.      Failing and refusing to mediate, resolve, and settle the subject claims.

65.      Maxums' acts and omissions alleged herein, were committed by its employees, representatives, agents and/or designees, all of which acts and omissions were ratified or acquiesced to by Maxum.

66.      As a direct and proximate result of Maxum's acts and omissions alleged herein, the Plaintiff suffered damages in an amount to be proven at trial.

67.      Maxum's acts and omissions alleged herein in violating the New Mexico Unfair Claims Practices Act were done intentionally, willfully, wantonly, grossly, maliciously and/or with reckless disregard for the rights of the Plaintiff. Accordingly, Plaintiff is entitled to recover punitive damages in an amount to be determined by the jury and sufficient to punish Maxum  for its misconduct and to deter others from similar conduct in the future.

68.      Plaintiff has been forced to retain the services of attorneys to enforce its rights herein, and as such, pursuant to NMSA §59A-16-30 and NMSA §39-2-1, they are entitled to an award of attorney's fees and costs associated therewith.

**WHEREFORE**, Plaintiff prays for a judgment for the following:

A.     A declaration that Plaintiff has not breached the Agency Agreement with Defendant Commonwealth and therefore is not liable to Commonwealth for amounts paid on the Excel Mortgage claim;

B.     Alternatively, if Plaintiff is liable to Defendant Commonwealth, requiring Lydick to indemnify Plaintiff for any and all amounts it was required to pay as a result of Lydick's negligence;

C.     Judgment against Maxum for all monies owed to Defendant, Commonwealth in the event Aztec is required to pay commonwealth.

D.     Judgment against Maxum for all attorney fees and costs incurred by Aztec Abstract & Title Insurance Company in defending the claim of Commonwealth and bringing this action for coverage.

E.     All compensatory damages allowable under New Mexico law for the wrongful refusal of coverage by Maxum;

F.     Punitive damages against Maxum for its willful and intentional conduct;

G.     Treble damages as allowed under New Mexico Law against Maxum;

H.     Pre and post judgment interest against all Defendants ;

I.     Attorney fees and costs; and

J.     All other and further relief that the Court deems just and proper under the circumstances.

Respectfully submitted,

HUNT & DAVIS, P.C.

Julie J. Vargas
2632 Mesilla St. NE
Albuquerque, NM  87110
(505) 881-3191

and

LAW OFFICE OF DAVID M. HOULISTON

_____ /s/ David M. Houliston _____
David M. Houliston
500 Tijeras Ave. NW
Albuquerque, NM  87102-3133
(505) 247-1223

# COMMONWEALTH LAND TITLE INSURANCE COMPANY

## NEW MEXICO AGENCY AGEEMENT

THIS AGREEMENT, made and entered into this _____30th_____ day of March, 1999, by and between COMMONWEALTH LAND TITLE INSURANCE COMPANY, authorized to do business in New Mexico, hereinafter referred to as COMMONWEALTH, and AZTEC ABSTACT & TITLE INSURANCE INC., hereinafter referred to as AGENT, in consideration of the mutual benefits to be derived from this agreement and in consideration of the premises herein contained, the parties hereto agree as follows:

1. COMMONWEALTH hereby appoints AGENT as its agent in ROOSEVELT COUNTY with authority to countersign and deliver Commonwealth Land Title Insurance Company's policies of title insurance, subject, however, to the following stipulations and agreements.

2. AGENT agrees to deliver policies of COMMONWEALTH on forms supplied by COMMONWEALTH, provided, however, that no policy may be issued, countersigned or delivered except and until the title has been examined and the examiner has certified the name of the person or persons inwhom title is vested according to public records, and the nature of the estate so vested; that said title is insurable, and subject only to such specific encumbrances and defects of title as may be disclosed from an examination of said public records, or of which said AGENT may otherwise have knowledge. The issuance of insuring forms under this contract shall be based upon thorough search and examination of title by persons approved in writing by COMMONWEALTH, or upon the written opinions of attorneys for the agent and paid by the agent, but such attorneys must be approved by COMMONWEALTH.

3. AGENT agrees to be responsible for the collection of all premiums on policies written by it under this agreement at the rates promulgated by the New Mexico Department of Insurance and to pay COMMONWEALTH as promulgated by New Mexico Department of Insurance 13 NMAC 14.4.14. The division of premium shall be as follows:

    i) For amounts of insurance up to two million dollars ($2,000,000), agent shall retain eighty percent (80%);

    ii) For additional amounts of insurance over two million dollars ($2,000,000) and up to five million dollars ($5,000,000), agent shall retain seventy-five percent (75%);

    iii) For additional amounts of insurance over five million dollars ($5,000,000) and up to ten million dollars ($10,000,000), agent shall retain seventy percent (70%);

    iv) For additional amounts of insurance over ten million dollars ($10,000,000) and up to twenty-five million dollars ($25,000,000), agent shall retain sixty-five percent (65%);



**EXHIBIT**

**A**

> v)     For additional amounts of insurance over twenty-five million dollars ($25,000,000) and up to fifty million dollars ($50,000,000), agent shall retain sixty percent (60%);
>
> vi)     For additional amounts of insurance over fifty million dollars ($50,000,000), agent shall retain fifty percent (50%);

of all premiums on commitments, binders, policies and endorsements issued and shall remit to COMMONWEALTH the remainder of all such gross premiums, as promulgated by New Mexico Department of Insurance 13 NMAC 14.9.8.11. This division of premium determination shall be effective until altered by the Superintendent who shall review the same annually at the Title Insurance Hearing held in November. Fees, which are not premium, such as inspection fees, cancellation fees, escrow fees and other charges are not subject to the division of premium between AGENT and COMMONWEALTH.

4.   AGENT agrees, on policies in excess of $1,000,000.00 to secure prior approval from an officer of COMMONWEALTH. COMMONWEALTH reserves the right to obtain such reinsurance or coinsurance as it deems necessary or advisable.

5.   AGENT shall keep a permanent and accurate record and copies of all policies of title insurance issued by it, showing the number, date of issue, name of insured, amount of policy, premium charge and accurate description of the land insured, which records, together with all other documents and papers in any manner connected therewith, shall be open to inspection and copying by COMMONWEALTH, at its own expense, at all reasonable times.

6.   AGENT shall be liable to COMMONWEALTH for any loss which COMMONWELAHT may sustain or incur under any policy issued pursuant to this agreement, occasioned by the following:

> a.   <u>Gross Negligence of AGENT.</u> If AGENT, or any person employed by AGENT on his behalf, is grossly negligent by error or omission in the title search or examination, or in preparation or issuance of the policy, binder or commitment, or in the determination that the insured estate has been created, conveyed or modified as insured, or in the recording of the instruments creating, modifying or conveying the insured estate and such error or omission causes a loss to COMONWEALTH under the terms of the policy issued by AGENT, said AGENT may be liable to COMMONWEALTH for all or part of any payment made by COMMONWEALTH to an Insured under a claim or claims arising from said error or omission. The laws of New Mexico determine the current standards and definition of gross negligence.

b.  <u>Disregard of Written Instructions.</u>  If AGENT, or any person employed by AGENT on his behalf, shall disregard the written instruction of COMMONWEALTH (including, but not limited to, specific underwriting standards or instructions, risk determinations, liability limitation or prior approval requirements) or of an Insured or other party to a transaction resulting in the issuance of a title insurance policy, and such written instructions are not contrary to, or in contravention of, the regulations or the laws of New Mexico and/or the United States of America, and the failure to follow said written instructions results in a loss to COMMONWEALTH under the terms of the policy issued by AGENT, said agent may be liable to COMMONWEALTH for all or part of any payment made by COMMONWEALTH to an Insured under a claim or claims arising from said disregard of written instructions.

c.  <u>Fraud, Deceit, Theft, Etc.</u>  If AGENT, or any person employed by AGENT on his behalf, shall be guilty of fraud, deceit, theft or any similar intentional act for which a person may be prosecuted criminally or sued (but not negligence) and such act results in a loss to COMMONWEALTH under the terms of the policy issued by AGENT, said AGENT may be liable to COMMONWEALTH for all or part of any payment made by COMMONWEALTH to an Insured under a claim or claims arising from said intentional act of AGENT or his employee.

d.  <u>Matters Covered by New Mexico Closing Protection Letter.</u> If AGENT, or any person employed by AGENT on his behalf, shall do or fail to do any act which results in COMMONWEALTH paying a claim (based upon said act or failure to act) to any person pursuant to a New Mexico Closing Protection Letter issued by COMMONWEALTH, said AGENT may be liable to COMMONWEALTH for all or part of any claim payment by COMMONWEALTH to a person protected by said Closing Protection Letter.

7.  COMMONWEALTH shall pay all premium taxes or assessments and all maintenance taxes or assessments as the same may come due and payable, and COMMONWEALTH shall report all premiums received by its directly or by AGENT on a one-hundred (100%) percent gross basis for the purposes of said taxes and assessments.

8. This agreement may be cancelled by either party by giving thirty (30) days written notice to the other party of its desire and intention to cancel such agreement. This agreement may be immediately cancelled at any time by either party hereto in the event of insolvency, fraud or misconduct of the other party hereto or the failure of either party to fulfill the obligations created by this agreement.

9. This agreement is not assignable by either party without the consent of the other party, but shall be and is binding upon the successors and assigns of the respective parties hereto.

IN WITNESS WHEREOF, the parties hereto have duly and properly executed this Agreement by their respective, authorized officers, all for the purposes as herein expressed to be effective as of the day and year above written.

ATTEST:                              COMMONWEALTH LAND
                                     TITLE INSURANCE COMPANY


By:_____            By:_____
                                     LLOYD DRAPER,
                                     Sr. Vice President



                                     AZTEC ABSTRACT & TITLE
                                     INSURANCE INC.
By:_____           By:_____