IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AZTEC ABSTRACT & TITLE INSURANCE, INC.,
a New Mexico Corporation,

    Plaintiff,

vs.                                                               Civ. No. 16-103 KG/KBM

MAXUM SPECIALTY GROUP &
MAXUM INDEMNITY COMPANY,

    Defendants.

## ORDER REFERRING MAXUM'S MOTION TO TAX COSTS
## TO CLERK OF THE COURT

This matter comes before the Court upon Maxum's Motion to Tax Costs, filed on February 12, 2018. (Doc. 43). Plaintiff did not respond to Maxum's Motion to Tax Costs. The Court notes that Defendants did not present their bill of costs to the Clerk of the Court, but instead filed Maxum's Motion to Tax Costs. A prevailing party, however, should first direct its bill of costs to the Clerk of the Court. *See In re Williams Securities Litigation-WCG Subclass*, 558 F.3d 1144, 1146 (10th Cir. 2009) (noting that clerks tax costs in the first instance); *Furr v. AT & T Technologies, Inc.*, 824 F.2d 1537, 1550 n. 11 (10th Cir. 1987) ("As a procedural matter . . . a bill of costs is initially filed with the clerk rather than with the court.") (citation omitted); Fed. R. Civ. P. 54(d)(1) ("The clerk may tax costs on 14 days' notice.").

If a party is dissatisfied with the Clerk of the Court's disposition of a costs award, that party may appeal the decision "[o]n motion served within the next 7 days," Rule 54(d)(1), and have the Court review *de novo* the Clerk of the Court's actions, *Furr*, 824 F.2d at 1550 n. 11. Because the Clerk of the Court should make the initial decision on a bill of costs, with the Court

exercising judicial review over any objections, the Court will refer Maxum's Motion to Tax Costs to the Clerk of the Court.

IT IS ORDERED that Maxum's Motion to Tax Costs (Doc. 43) is referred to the Clerk of the Court.

_____
UNITED STATES DISTRICT JUDGE